# STATE v. GEORGE BLAKE.[1]

January 25, 1929.

No. 27,160.

A. E. Kief and J. O. Haugland, for appellant.

G. A. Youngquist, Attorney General, James E. Markham, Deputy Attorney General, and John C. Haave, County Attorney, for the state.

OLSEN, C.

Defendant was convicted of an unlawful sale of intoxicating liquor and appeals from an order denying his motion for a new trial.

[1]Reported in 223 N. W. 141.

As stated in the order denying the motion for a new trial, the county attorney, at the opening of the trial and in the presence of the defendant and his attorneys, announced that he desired the assistance of Mr. Fosnes, a practicing attorney of that county. No objection was made, and Mr. Fosnes assisted the county attorney during at least a part of the trial. On motion for a new trial, one of defendant's attorneys presented an affidavit stating that no appointment of Mr. Fosnes as assistant county attorney was made and that he did not file any oath as such until near the end of the trial. Nothing done by Mr. Fosnes during the trial is complained of. The irregularity, if such it be, is not important here. No prejudice is shown or suggested.

One of the grounds urged for a new trial was newly discovered evidence. An affidavit by one Ernest J. Busse was presented, wherein it was claimed that a bottle, said to contain the liquor sold by defendant, was emptied by persons not named or identified and the bottle later destroyed, before the trial. Two counter affidavits were presented, one by the sheriff, fully and fairly denying that any such acts took place or could have taken place. At the trial there was ample evidence identifying the liquor and bottle there produced as the liquor and bottle sold by defendant. It is clear that there was no abuse of discretion or error in denying a new trial on this ground.

One Harvey Rice, a witness for the state, on cross-examination, was asked the question: "You were, of course, to get additional pay for testifying here?" Objection to the question was sustained. Standing alone, it might have been error to sustain the objection. But the witness had already testified fully to the fact that he was a detective, hired by the county attorney and sheriff to procure evidence in this and other liquor cases; that he was being paid $7.50 a day, mileage, and expenses for this work. He denied that his pay depended in any way upon securing convictions. In the charge, the court referred to this witness and another as "informers of the sheriff" and as "paid informers or hired detectives," and charged that the interest of any witness in the outcome of the action was to be taken into consideration. He further informed the jury

as to the statutory law enforcement fund out of which these parties were paid. In that situation the defendant was given the full benefit of a showing that these two witnesses were hired detectives, paid by the county for their services. Nothing more could have been gained by further testimony along that line. No offer of proof was made to indicate that anything different would have been disclosed by an answer to the question. Exclusion of evidence offered for impeachment purposes only, where there is other evidence covering the same facts, is not material error.

There was no error in overruling the objection to the introduction in evidence of the bottle of liquor in question, or in the examination thereof by the jury in the presence of the court during the trial.

Some complaint is made of the charge. The court gave some history of prohibition laws and referred to the fact that the enforcement thereof has been a vexatious question and that spotters or so-called paid informers or hired detectives had been used to enforce such laws long before the passage of the eighteenth amendment. This may have been outside of the strict issues in the case. It cannot here be held erroneous or prejudicial.

Order affirmed.